In re William A. LIMPERIS and Janet L. Limperis, Debtors.

No. 06–15791–BKC–JKO.

United States Bankruptcy Court, S.D. Florida, Fort Lauderdale Division.

May 10, 2007.

860

Brian J. Cohen, Esq., Coral Springs, FL, for Debtor.

Robin R. Weiner, Trustee.

### ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S HOMESTEAD EXEMPTION

JOHN KARL OLSON, Bankruptcy Judge.

**THIS CASE** came before the Court on March 12, 2007, on the Trustee's Objection to Debtors' Claim of Exemption [CP 28]. The Debtors filed no written response. The Court heard oral argument from both sides and finds that it is appropriate to rule.

The Court has jurisdiction of the subject matter and the parties to this proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

On Schedule C of the their joint bankruptcy petition, the Debtors claimed that $250,000 in equity in their homestead was exempt under the Article X § 4(a)(2) of the Florida Constitution and *Florida Statutes* §§ 220.01 and 222.02. The Trustee objected to the Debtors' claimed exemption on the grounds that it violated 11 U.S.C. § 522, *Fla. Stat.* § 222.20 and the Fla. Const. Art. X § 4.

The Debtors acquired their homestead property in September of 2003. The Debtors filed for protection under chapter 13 of the United States Bankruptcy Code on November 11, 2006 [CP 1]. Because the Debtors acquired their homestead fewer than 1215 days prior to the filing of their bankruptcy petition, the Debtors fall within the exemption cap of 11 U.S.C. § 522(p), which restricts the homestead exemption to $125,000. The question raised by this case is whether the joint Debtors are entitled to a homestead exemption of $125,000 in total or are they each entitled to a $125,000 exemption which they can then stack to reach a total of $250,000 in homestead exemptions.

Judge Williamson in the Middle District of Florida dealt with this precise issue in *In re Rasmussen*, 349 B.R. 747 (Bankr. M.D.Fla.2006). *Rasmussen* held that "as a result of the application of section 522(m) to the new section 522(p), each Debtor in this joint case may claim $125,000 of the Homestead for a total exemption in their joint case of $250,000." *Id.* at 758. This Court finds that the reasoning and conclusion of the *Rasmussen* court are persuasive and adopts them *in toto*. The joint Debtors are each entitled to a $125,000 homestead exemption which they can aggregate for a total $250,000 exemption.

Accordingly, it is ORDERED that the Trustee's objection to the Debtors' claim of exemption as to their homestead is OVERRULED.